# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Solo Kam Apostello,<br>Plaintiff<br>-vs-<br>Unknown Party, et al.,<br>Defendants. | CV-13-0840-PHX-PGR (JFM)<br><br>**Report and Recommendation** |

Plaintiff filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on April 25, 2013 (Doc. 1). On October 24, 2013, Defendant filed a Motion to Dismiss for Failure to State a Claim (Doc. 11). Plaintiff's time to respond expired on November 19, 2013. (*See* Order 10/29/13, Doc. 12.) Plaintiff has not responded.

In the interim, on November 4th and 7th, 2013, mail from the Clerk of the Court to Plaintiff at the Pinal County Jail was returned undeliverable, reflecting that Plaintiff was "no longer in custody" (Docs. 14, 15). In the Notice of Assignment issued April 25, 2013 (Doc. 4), Plaintiff was warned that dismissal could result from failure to file a notice of change of address. In an Order entered August 28, 2013 (Doc. 5), Plaintiff was cautioned that failure to immediately file a notice of change of address "may result in the dismissal of the action." Plaintiff had not filed a change of address.

Consequently, on November 19, 2013, the Court issued an Order (Doc. 16) directing Plaintiff to either file a notice of change of address or show cause why this case should not be dismissed for failure to prosecute. The Clerk was directed to, and did, forward copies of that Order to Plaintiff at his address of record, and to an address for Plaintiff in the Arizona Department of Corrections located by the Court. To date, neither copy has been returned undeliverable. Plaintiff has not responded.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust*

1

*Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action."  *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth

factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, the Complaint and this action should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and the pending motions denied, without prejudice, as moot.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 41, this the Complaint (Doc. 1) and this case be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all pending motions, including Defendant's Motion to Dismiss, filed October 24, 2013 (Doc. 11) be **DENIED WITHOUT PREJUDICE** as moot.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: December 9, 2013

_____
James F. Metcalf
United States Magistrate Judge

13-0840o Order 13 12 09 re RR re Dismiss FTP NCA.docx